SEYFARTH SHAW LLP
Jon Meer (SBN 144389)
jmeer@seyfarth.com
Niles A. Pierson (SBN 307115)
npierson@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone:   (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendants
SEYFARTH SHAW LLP and ROBERT ELLIOT
BUCH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERONICA CASTILLO (an Individual),<br><br>                    Plaintiff,<br><br>         v.<br><br>SEYFARTH SHAW L.L.P.; ROBERT ELLIOT BUCH (an Individual); and DOES 1-100, inclusive,<br><br>                    Defendants. | Case No.<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>(Los Angeles County Superior Court, Case No. 25STCV00173)<br><br>[*Concurrently filed with Civil Case Cover Sheet; Declaration of Niles A. Pierson; Notice of Interested Parties; and Proof of Service*]<br><br>Complaint Filed:    January 5, 2026<br>Complaint Served:   February 10, 2026 |

DEFENDANTS' NOTICE OF REMOVAL

324073145v.1

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF:**

**PLEASE TAKE NOTICE** that Defendants SEYFARTH SHAW LLP and ROBERT BUCH ("Defendants") hereby remove the above-captioned matter from the Superior Court of the State of California for the County of Los Angeles to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1331 and 1441, as well as 42 U.S.C. § 2000e-5(f)(3), on the basis of (1) original federal subject matter jurisdiction under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. ("Title VII"); and (2) supplemental jurisdiction pursuant to 28 U.S.C. § 1367. In support of this removal, Defendants states as follows:

**I.   INTRODUCTION AND STATEMENT OF JURISDICTION**

1.   This Court has original jurisdiction over this action. In her Complaint, Plaintiff Veronica Castillo ("Plaintiff") asserts causes of action for "Pregnancy Discrimination – Title VII," "Pregnancy-Related Harassment – Title VII ," "Retaliation – Title VII," and "Discrimination-Race Title VII." (*See* Declaration of Niles A. Pierson in Support of Defendants' Notice of Removal ["the Pierson Declaration" or "Pierson Decl."], Ex. A [the "Complaint"] at pp. 1, 2, 58-66.) The Complaint also asserts "Strict Employer Liability Under *Title VII*." (*Id.* ¶¶ 529-530.) Codified at 42 U.S.C. § 2000e, et seq., "Title VII surely is a 'la[w] of the United States[,]' providing federal question jurisdiction under 28 U.S.C. § 1331. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 505 (2006).

2.   Because Plaintiff asserts claims on the face of her Complaint that arise under Title VII, this Court has original subject matter jurisdiction. *See Lee v. Regents of Univ. of Cal.*, No. 4:19-cv-06485-JST, 2019 WL 13505329, at *2 (N.D. Cal. Nov. 19, 2019) ("This Court has federal question jurisdiction over Lee's Title VII and ADEA claims because these claims arise under federal statutes."); *Martin v. Ordikhani*, No. 4:18-cv-04653-YGR, 2018 WL 5776292, at *1 (N.D. Cal. Nov. 2, 2018) (same); *Daevu v. San Mateo Cnty.*, No. 3:09-cv-00406-JL, 2010 WL 11582920, at *1 (N.D. Cal. May 6, 2010) (same).

2

DEFENDANTS' NOTICE OF REMOVAL

324073145v.1

3. Furthermore, because the Complaint's remaining claims arise from and are related to Plaintiff's employment at a Seyfarth Shaw LLP, they form part of the same case or controversy and arise from a common nucleus of operative fact under Article III of the United States Constitution, providing a basis for the Court to assert supplemental jurisdiction over them.

## II. STATE COURT PLEADINGS AND PROCESSES

4. On or about January 5, 2026, Plaintiff filed her unverified Complaint in the Superior Court of the State of California, County of Los Angeles, entitled "*Veronica Castillo (an Individial) vs. Seyfarth Shaw L.L.P., et al.*" (the "Superior Court Action"). A true and correct copy of the Complaint is attached as **Exhibit A** to the concurrently filed Pierson Declaration. (Pierson Decl., ¶ 2.) The Complaint asserts twenty-five (25) causes of action stemming from alleged pregnancy, gender, and racial discrimination, harassment, and retaliation and California Labor Code claims arising from her employment by Seyfarth Shaw LLP, including claims expressly asserted under Title VII of the Civil Rights Act of 1964. (*See generally* Complaint.)

5. On or about January 22 through 29, 2026, Defendants' counsel received emails attaching the Summons; Complaint; Civil Case Cover Sheet; Alternative Dispute Resolution (ADR) Information Package; Civil Case Cover Sheet Addendum and Statement of Location;  Notice of Case Assignment and Case Management Conference; Notice of Case Assignment Unlimited Civil Case; Instructions for Handling Unlimited Civil Cases; Peremptory Challenge to Judicial Office; and Court Order Re: Peremptory Challenge to Judicial Officer (Code Civ. Proc. § 170.6) (collectively the "Service Package"). A true and correct copy of the Service Package received by Defendant's counsel is attached as **Exhibit B** to the Pierson Declaration. (Pierson Decl., ¶ 3.)

6. On February 10, 2026, Defendants' counsel signed and returned Notices and Acknowledgements of Receipt of the Complaint. True and correct copies of the Notices and Acknowledgements of Receipt are attached as **Exhibits C and D** to the Pierson Declaration. (Pierson Decl., ¶ 4.)

3

324073145v.1

7.      On March 11, 2026, Defendants filed an Answer in the Los Angeles County Superior Court. A true and correct copy of Defendants' Answer is attached as **Exhibit E** to the Pierson Declaration. (Pierson Decl., ¶ 5.)

8.      Prior to the filing of this Notice of Removal, Defendants have not filed or been served with any other pleadings or papers in the Superior Court Action other than the documents attached as Exhibits A through E of the Pierson Declaration. (Pierson Decl., ¶ 6.)

### III.    TIMELINESS OF REMOVAL

9.      Notice of removal is timely if it is filed within 30 days after the service of the complaint or summons. *See* 28 U.S.C. § 1446(b)(1); *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448 (1999) ("we hold that a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, "through service or otherwise," after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service."). The service of process triggering the 30-day period to remove is governed by state law. *City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

10.     Here, service of the Complaint on Defendants was deemed complete on February 10, 2026, when Defendants' counsel signed and returned the Notices and Acknowledgements of Receipt.[1] Pierson Decl., Exs. C & D. Defendants' Notice of

---

[1] *See, e.g.*, *Harper v. Little Caesar Enters., Inc.*, No. SACV1801564JLSJDE, 2018 WL 5984841, at *2 (C.D. Cal. Nov. 14, 2018) ("Defendant was not formally served until it executed the acknowledgement of receipt on August 6, 2018, and had until September 5, 2018 to remove. This conclusion is in accord with the other courts to rule on this issue."); *Langston v. 20/20 Companies, Inc.*, No. EDCV 14-1360 JGB SPX, 2014 WL 5335734, at *3 (C.D. Cal. Oct. 17, 2014) ("service was not complete until Defendant's agent signed the Acknowledgment on June 4, 2014. . .  Defendant filed its Notice of Removal on July 3, 2014, which was twenty-nine days after service was completed on June 4, 2014.

4

324073145v.1

Removal is timely because it filed this Notice on March 12, 2026, which is within 30 days of service of the Complaint on Defendants on February 10, 2026. Fed. R. Civ. P., Rule 6(a)(1).

## IV.    FEDERAL QUESTION JURISDICTION BASED ON TITLE VII

11.    This Court has original jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 2000e-5(f)(3), and Defendants may remove this lawsuit pursuant to the provisions of 28 U.S.C. § 1441, because Plaintiff asserts causes of action for "Pregnancy Discrimination – Title VII," "Pregnancy-Related Harassment – Title VII ," "Retaliation – Title VII," and "Discrimination-Race Title VII."  (Complaint at pp. 1, 2, 58-66.) The Complaint also asserts "Strict Employer Liability Under *Title VII*." (*Id.* ¶¶ 529-530.)

12.    "Title VII surely is a 'la[w] of the United States[,]'" providing federal question jurisdiction under 28 U.S.C. § 1331. *Arbaugh,* 546 U.S. at 505. A federal court has federal question jurisdiction over Title VII claims because they arise under federal statutes. *See Lee*, 2019 WL 13505329, at *2. Additionally, Title VII itself provides that "Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed[.]" 42 U.S.C. § 2000e-5(f)(3). This jurisdictional provision "underscore[s] Congress' intention to provide a federal forum for the adjudication of Title VII claims." *Arbaugh*, 546 U.S. at 506.

/ / /

/ / /

---

Therefore, removal was timely, and the Court DENIES Plaintiff's Motion to Remand."); *Varga v. United Airlines*, No. C 09-02278 SI, 2009 WL 2246208, at *3 (N.D. Cal. July 24, 2009) ("Under California law, service was complete on April 22, the date defense counsel signed and returned the notice and acknowledgment of receipt. *See* Cal.Code Civ. Pro. § 415.30(c). Defendant removed this case on May 22, 30 days after service was complete. Removal of this action was therefore timely.")

DEFENDANTS' NOTICE OF REMOVAL

324073145v.1

13.    Because the Complaint on its face asserts federal claims under Title VII, this court has original subject matter jurisdiction. *See Lee*, 2019 WL 13505329, at *2; *Martin*, 2018 WL 5776292, at *1; *Daevu*, 2010 WL 11582920, at *1.

## V.    SUPPLEMENTAL JURISDICTION

14.    As detailed above, the Complaint's Causes of Action for "Pregnancy Discrimination – Title VII," "Pregnancy-Related Harassment – Title VII ," "Retaliation – Title VII," and "Discrimination-Race Title VII" arise under federal law and thus provide the court with original subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

15.    The remaining causes of action all pertain to Plaintiff's employment and seek compensation and damages related to discrimination, harassment, and retaliation and California Labor Code violations Plaintiff allegedly experienced during her employment. (*See generally* Complaint).

16.    Thus, the Complaint's remaining causes of action are accordingly within the supplemental jurisdiction of this Court under 28 U.S.C. § 1367(a), in that they are sufficiently related to the federal claims that they form part of the same case or controversy and arise from a common nucleus of operative fact under Article III of the United States Constitution. *See, e.g.*, *Lagunas v. SPS Techs., LLC*, No. SACV182005JVSDFMX, 2019 WL 949523, at *3 (C.D. Cal. Feb. 27, 2019) ("state and federal claims arise from a common nucleus of operative fact sufficient to confer supplemental jurisdiction on the state law claims under § 1367(a) because the claims arise 'out of a cohesive narrative: defendant's conduct towards plaintiff in his capacity as an employee.'") (citing *Swamy v. Title Source, Inc.*, No. C 17-01175 WHA, 2017 WL 3021042, at *4 (N.D. Cal. July 17, 2017)); *Lee*, 2019 WL 13505329, at *2  ("The Court has supplemental jurisdiction over Lee's state law tort and FEHA claims because they have the same 'common nucleus of operative Complaintt' as the federal claims 'such that [Lee] would ordinarily be expected to try them all in one judicial proceeding.'"); *Robles v. AgReserves, Inc.*, No. 1:14-CV-00540-AWI, 2014 WL 2919159, at *6 (E.D. Cal. June 26, 2014) ("the state wage and hour claims for failure to provide rest and meal breaks, as

6

324073145v.1

well as the intentional torts, involve the same facts as those supporting Plaintiff's claims for discrimination and retaliation in violation of Title VII. Consequently, the state law claims do not predominate over the federal cause of action, because the state and federal claims would require Plaintiff to establish the same facts. . . . Accordingly, it is appropriate for the Court to exercise supplemental jurisdiction over Plaintiff's claims arising under state law."); *Bonillas v. United Air Lines, Inc.*, No. 4:12-cv-06574-SBA, 2014 WL 4087906, at \*1 (N.D. Cal. Aug. 19, 2014) ("The Court has original jurisdiction over Bonillas' federal Title VII and ADA claims and supplemental jurisdiction over his state law FEHA claims."). This action is thus removable in its entirety.

## VI.  NO JOINDER REQUIRED

17.  Unnamed, or Doe defendants are not required to join in removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190 n.1 (9th Cir. 1988) (Doe defendants need not join in removal). Accordingly, Does 1 through 50 are not required to join in this Notice of Removal.

## VII.  VENUE

18.  Venue lies in the Central District of California of the United States District Court, Western Division, pursuant to 28 U.S.C. sections 84(c), 1441(a), and 1446(a). This action was originally brought in Los Angeles Superior Court, which is located within the Central District for California, Western Division. Therefore, venue is proper because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

## VIII.  SERVICE OF NOTICE OF REMOVAL ON STATE COURT

19.  Pursuant to 28 U.S.C. section 1446(d), written notice of the filing of this Notice of Removal will be given promptly to Plaintiff and all counsel of record, together with a copy of the Notice of Removal, and will be filed with the Clerk of the Los Angeles Superior Court.

/ / /

/ / /

DEFENDANTS' NOTICE OF REMOVAL

324073145v.1

## IX.    PRAYER FOR REMOVAL

WHEREFORE, Defendants pray that this civil action be removed from Los Angeles Superior Court to the United States District Court for the Central District of California.

DATED: March 12, 2026

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
Jon D. Meer
Niles A. Pierson

Attorneys for Defendants
SEYFARTH SHAW LLP and
ROBERT ELLIOT BUCH

8

324073145v.1